IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

**MICHAEL ZAPPAVIGNA,**
individually,

    Plaintiff,

      v.

**REVAIRA, LLC,** d/b/a **REVAIRA ITALIAN STEAKHOUSE,** and
**GEORGE HANNA,** Individually

    Defendants.

NO. _____

**FLSA Action**
**JURY TRIAL DEMANDED**

**COMPLAINT FOR VIOLATIONS OF
THE FAIR LABOR STANDARDS ACT**

Plaintiff, Michael Zappavigna ("Plaintiff"), individually, brings this action against Revaira, LLC, d/b/a Revaira Italian Steakhouse restaurant and George Hanna, individually ("Defendants") and alleges as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid minimum wage and overtime compensation and other damages owed to Plaintiff.

2. This lawsuit also is brought against Defendants under the Tennessee doctrine of conversion to recover Plaintiff's tips that Defendants unlawfully appropriated to its management staff.

3. For the three (3) years prior to the filing of this Action, Defendants willfully committed violations of the FLSA.

1

## II.    JURISDICTION AND VENUE

4. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendants in this district during all times material to this action. Moreover, Defendants regularly conducted and continue to conduct business in this district, and have engaged in FLSA violations in this district during all material times in this cause.

## III.    PARTIES

6. Plaintiff Zappavigna was employed by Defendants as a restaurant employee within this district during the applicable statutory limitations' period herein.

7. Defendant, Revaira, LLC. is a Tennessee limited liability company with its principal offices located at 1020 North Main Street, Suite A, Shelbyville, Tennessee 37160. Its registered agent for service of process is Adel Gingis, 1020 North Main Street, Suite A, Shelbyville, Tennessee 37160.

8. Defendant George Hanna is a major shareholder and a principal owner of Defendant Revaira, LLC. He may be served process at 1020 North Main Street, Suite A, Shelbyville, Tennessee 37160.

9. Defendants have been Plaintiff's "employer" as that term is defined under the FLSA during all times material to this action.

10. Defendants constitute an integrated enterprise as that term is defined in the FLSA, 29 U.S.A. § 203(r).

## IV. COVERAGE

11. Plaintiff has been employed by Defendants within the last three (3) years.

12. Defendants have been the "employer" of the Plaintiff within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Complaint.

13. Plaintiff has been an "employee" of Defendants, as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit during all times material to this Complaint.

14. Defendants have been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Complaint.

15. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise in interstate commerce and in the production of goods in interstate commerce, and their employees have been engaged in interstate commerce.

## V. ALLEGATIONS

16. Defendants have owned and operated an Italian steakhouse restaurant in Shelbyville, Tennessee during all times material to this Complaint.

17. Defendant George Hanna was responsible for establishing and administering the pay policies and practices of Defendants' Revaira Italian Steakhouse restaurant during all times relevant to this action.

18. Plaintiff Zappavigna was hired by Defendants as a restaurant employee at $1,000.00 per week and served in that capacity until Defendants later stopped his $1,000 per week and

commenced to pay him only some of the tips he received from customers, as addressed later in more detail.

19. While receiving $1,000 per week pay, Plaintiff Zappavigna's primary duties were to clean the restaurant, stock and inventory food and drink items, prepare food and service customers.

20. While receiving $1,000 per week pay, Plaintiff Zappavigna never supervised any employees nor was he responsible for any business operations for the Defendant at any times material to this lawsuit.

21. As a result, he was never an exempt employee from overtime compensation during all times material.

22. While receiving $1,000 per week pay, Defendants neither recognized, classified or characterized Plaintiff Zappavigna as a tipped employee, nor held him out as a tipped employee. (Although Plaintiff Zappavigna received some tips from customers during the time he was paid $1,000 per week, Defendants' managers converted much of the credit cards tips he received from customers to themselves.)

23. Moreover, during the time he was paid $1,000 per week, he was never informed about any tipped credit plan that would be applied to him - as required by Section 203(m) of the FLSA, and as addressed later in more detail.

24. In addition, during the time he was paid $1,000.00 per week, he was never provided any pay records nor an IRS W-2 form at the end of the respective taxable year.

25. During such time, Defendants failed to keep timely and accurate pay records of Plaintiff Zappavigna.

26. Plaintiff Zappavigna routinely worked more than 70 hours per week while employed at $1,000.00 per week but never received one and one-half times his effective regular hourly rate of pay of $25.00 per hour for all hours over 40 per week within weekly pay periods during all times material to this lawsuit.

27. Defendants were aware that Plaintiff was not receiving his earned overtime compensation within weekly pay periods during all times material to this action.

28. Therefore, Plaintiff is entitled to receive from Defendants one and one-half times his regular hourly rate of pay for all hours worked in excess of 40 per week within weekly pay periods while being paid $1,000.00 per week - during all times material to this action.

29. In about the middle of February of 2024, Defendants' informed Plaintiff Zappavigna that they were discontinuing his $1,000 per week pay and henceforth he would only be paid some of the tips he received from customers as pay, without receiving any base pay of at least $2.13 per hour, as required by the FLSA for tipped employees.

30. Under 29 U.S.C. § 203 (m), an employer utilizing a tip credit compensation plan must inform its tipped employees in advance of its intention to use such plan pursuant to aforementioned 203 (m) section of the FLSA.

31. More specifically, an employer is not entitled to utilize a tip credit compensation plan unless it informs its tipped employees of the following in advance: (1) the amount of the cash wage that is to be paid to the respective tipped employee; (2) the amount by which the wages of the respective tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool and, (4) that the tip credit shall not apply to any employee who does not receive the Section 201(m) notice.

32. Defendants failed to inform Plaintiff Zappavigna of the Section 203(m) notice requirements at any time during his employment with Defendants.

33. As a consequence, Plaintiff Zappavigna never qualified as a tipped employee under the FLSA while employed by Defendants at any time material to this action.

34. Also, Defendants failed to pay Plaintiff Zappavigna a tipped credit base pay of at least the $2.13 per hour at any time during his employment at any time material to this action. that disqualifies them from applying a tip credit compensation plan as it relates to him.

35. Likewise, Plaintiff Zappavigna never qualified as a tipped employee under the FLSA while employed by Defendants at any time material to this action.

36. Therefore, Defendants owe Plaintiff Zappavigna at least at the FLSA minimum wage rate of pay of $7.25 per hour for all hours worked within weekly pay periods during all times material.

37. While only receiving tips as pay, Plaintiff Zappavigna continued to work more than 70 hour per week without receiving any overtime compensation.

38. While only receiving tips as pay, Plaintiff Zappavigna is entitled to one and one-half times the minimum wage of $7.25 per hour for all hours performed in excess of 40 per week within weekly pay periods during all times material to this action.

39. While only receiving tips as pay, Defendants' managers continued to convert much of the credit card tips he received from customers to themselves in violation of the FLSA. (Defendants refused to reveal to him the amount of credit card tips he received from customers.) .

40. They also have failed to provide Plaintiff Zappavigna his IRS W-2 form for the period of time when he was only paid tips as pay.

41. Defendants failed to keep timely and accurate pay records of Plaintiff Zappavigna during all times material to this cause.

42. Defendants' conduct herein was willful with reckless disregard to clearly established FLSA overtime compensation requirements.

43. Defendants' conduct herein was without a good faith basis.

44. The net effect of Defendants' failure to pay Plaintiff all the compensation due him, including overtime compensation and earned credit card tips, was a scheme to save on payroll costs and payroll taxes for which Defendants have enjoyed ill gained profits at the expense of Plaintiff.

45. Although at this stage Plaintiff is unable to state the exact amount owed to him, he believes such information will become available through the discovery process. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

46. Plaintiff repeats and re-alleges Paragraphs 1 through 45 above as if they were set forth herein.

47. At all times relevant herein, Defendants have been, and continue to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48. At all times relevant herein, Defendants have employed Plaintiff as an "employee" within the meaning of the FLSA.

49. Defendants willfully failed to pay Plaintiff the applicable FLSA overtime rates of pay (at not less than one and one-half times his regular hourly rate of pay) for all her hours worked over forty (40) per week within weekly pay periods while he was receiving $1,000 per week - during all times relevant, as previously described.

50. Defendants willfully failed to pay Plaintiff at least the minimum wage of $7.25 per hour for all the hours he performed for Defendants within weekly pay periods while only earning tips as his pay, as previously described.

51. Defendants willfully failed to pay Plaintiff at least the applicable overtime compensation rate of pay for all hours he performed in excess of 40 per week within weekly pay periods while only earning tips as his pay during all times material herein, as previously described.

52. At all times relevant herein, Defendants have had actual knowledge of refusing to pay Plaintiff for all the compensation and tip money they owe him.

53. Defendants failed to keep timely and accurate pay records of Plaintiff during all times material herein.

54. Defendants acted willfully, with reckless disregard to clearly established FLSA overtime requirements, and without a good faith basis, in their failure to pay all the compensation they owe Plaintiff during all times relevant to this action.

55. As a result of Defendants' willful failure to compensate Plaintiff at the applicable overtime rate of pay for all hours worked in excess of forty (40) within applicable weekly pay periods, they have violated the FLSA, 29 U.S.C. § 255(a).

56. Due to Defendants' willful FLSA violations and lack of a good faith basis, Plaintiff is entitled, and hereby seeks, to recover from Defendants compensation for unpaid minimum wages and overtime compensation, unpaid tips and an additional equal amount as

liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## COUNT II
## UNLAWFUL CONVERSION OF CREDIT CARD TIPS

57. Plaintiff repeats and re-alleges Paragraphs 1 through 56 above as if they were set forth herein.

58. Tennessee Courts recognize the common law doctrine of conversion as actionable.

59. According to the regulation promulgated by the U.S. Department of Labor, "tips are the property of the employee whether or not the employer has taken a tip credit under section (3) of the FLSA." 29 C.F.R. § 531.52.

60. Plaintiff had a possessory interest in the credit card tips he received from customers while employed by Defendants during all time material, as previously addressed.

61. Defendants' managers and supervisors intentionally interfered with Plaintiff's said property rights by converting and appropriating credit card tips he received from customers to themselves.

62. Defendants' managers and supervisors appropriated Plaintiff's credit card tips and denied him the use and benefit of such property by their intentional dominion over such property in defiance of his rights to such earned credit card tips.

63. Defendants' said actions are the legal cause of Plaintiff's loss of property in the form of credit card tips he received from customers while employed by Defendants.

64. Accordingly, Plaintiff is entitled to a recovery of all credit card tips he received from customers that Defendants' managers and supervisors have converted and appropriated to themselves during all times material.

**PRAYER FOR RELIEF**

WHEREAS, Plaintiff requests this Court to grant the following relief against Defendants:

A. On Count I, an award of unpaid minimum wages (back pay) to Plaintiff;

B. On Count I, an award of unpaid overtime compensation (back pay) to Plaintiff

C. On Count I, an award of liquidated damages to Plaintiff as to all unpaid wages and compensation;

D. On Count I, an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff;

E. On Count I, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff;

F. On Count I, a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

G. On Count II, a recovery of all credit card tips Plaintiff received from customers that were converted and appropriated by Defendants' managers and supervisors to themselves; and

H. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated: May 20, 2024.

        Respectfully Submitted,

        *s* _J.Russ Bryant_____
        Gordon E. Jackson (TN BPR #8323)
        J. Russ Bryant (TN BPR #33830)
        Joshua Autry (TN BPR #41423)
        J. Joseph Leatherwood IV (TN BPR #39490)
        **JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
        Attorneys at Law
        262 German Oak Drive
        Memphis, Tennessee 38018
        Telephone: (901) 754-8001
        Facsimile: (901) 754-8524
        gjackson@jsyc.com
        *rbryant@jsyc.com*
        *jautry@jsyc.com*
        *jleatherwood @jsyc.com*

        ***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***